UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| KARL WICHELMAN, | No. 2:16-cv-1123 KJM-EFB PS |
|---|---|
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff, proceeding pro se, seeks review of decisions of the Commissioner of Social Security's ("Commissioner") denying his application for Childhood Disability Benefits ("CDB") and finding overpayment of disability benefits.[1] The Commissioner moves to dismiss the complaint for lack of subject matter jurisdiction, arguing that plaintiff failed to exhaust his administrative remedies. ECF No. 21. For the following reasons, it is recommended that the motion be granted and the action dismissed for lack of jurisdiction.[2]

/////

---

[1] This action was referred to the undersigned pursuant to Local Rule 302(c)(15). *See* 28 U.S.C. § 636(c).

[2] Plaintiff filed a request, styled as a "Motion in Limei" [sic], to enjoin the Social Security Agency from contacting him. ECF No. 7 at 2. As discussed herein, the court lacks jurisdiction over plaintiff's claim(s). Accordingly, the motion should be denied as moot.

1

I. Background

The Commissioner previously found that plaintiff was disabled under Title XVI of the Social Security Act (the "Act") as of July 1, 1991, and plaintiff started receiving Supplemental Security Income ("SSI") that same month. Declaration of Mai Huynh ("Huynh"), ECF No. 21-1, ¶ a. In 2008, the Social Security Administration (the "agency") reviewed plaintiff's file and discovered he was eligible for Disability Insurance Benefits ("DIB") under Title II of the Act. *Id.* ¶ b. The agency contacted plaintiff and scheduled a meeting to obtain information needed to complete a medical determination. *Id.* ¶ d. The appointment was scheduled for August 29, 2008, but plaintiff failed to appear for the appointment. *Id.* ¶ e.

In October 2008, plaintiff went to an agency field office and completed his DIB application. *Id.* ¶ h. The application was granted and the Commissioner determined that plaintiff was entitled to DIB effective June 1993.[3] *Id.* ¶ i. After offsetting the amount for the SSI benefits plaintiff had received over the prior 16 years, the Commission paid plaintiff $3,000 in back payments for his DIB, and in March 2009 plaintiff began receiving both SSI and DIB payments. *Id.* ¶ l. Also in October 2008, plaintiff filed an application for Childhood Disability Benefits ("CDB"). *Id.* ¶ y. That application was denied because plaintiff failed to show that he was disabled prior to age 22. *Id.* ¶ z.

In June 2015, the agency suspended plaintiff's SSI payments because he had failed to provide necessary information to the agency. *Id.* ¶ o; *See* 20 C.F.R. § 416.714 (providing that the agency may "request a report from you if [it] need[s] information to determine continuing eligibility," and that benefits will be suspended should the information not be provided). Plaintiff subsequently appeared at an agency field office, but he declined to provide information regarding his living arrangement, income, and resources. *Id.* ¶ p. Consequently, the agency did not have the information needed to reinstate his SSI payments. *Id.* A field office technician advised

/////

---

[3] The decision granting plaintiff's DIB application found that plaintiff's disability onset date was January 1, 1993, which is later than the onset date for his SSI. The apparent discrepancy resulted from plaintiff performing substantial gainful activity after his SSI onset date of July 1, 1991. *Id.* ¶ h.

2

plaintiff that a representative payee could help him with his reporting responsibilities, but plaintiff was not assigned a representative payee. *Id.* ¶ r.

Plaintiff never provided the information sought by the agency, and his SSI benefits remained suspended until July 20, 2016, at which time they were terminated. *Id.* ¶ s; *see* 20 C.F.R. § 416.1335 (providing that eligibility for SSI benefits will be terminated "following 12 consecutive months of benefit suspension for any reason . . . ."). To make matters worse for plaintiff, the State of California ceased subsidizing his Medicare premiums in November 2015. The agency, however, did not immediately begin deducting the Medicare premiums, which were $104.90 a month, from his DIB payments, resulting in overpayment of $104.90 in each subsequent month. *Id.* ¶ v. To recoup the overpayments—as well as to recover SSI overpayments caused by plaintiff's failure to provide information regarding his living arrangement, income, and resources—plaintiff's DIB account was placed in deferred status. *Id.* ¶ w.

Plaintiff never appealed the Commissioner's decision finding an overpayment, *id.* ¶ x, nor did he appeal the 2008 denial of his application for Childhood Disability Benefits, *id.* ¶ bb.

II. <u>Discussion</u>

Defendant argues that plaintiff's complaint must be dismissed because he failed to exhaust his administrative remedies prior to filing this action. ECF No. 15 at 2-3.

As a sovereign, the United States is immune from suit except according to its consent to be sued. *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981). It necessarily follows where Congress waives the immunity of the United States any terms and conditions that it places on the waiver are jurisdictional and must be strictly construed. *See Block v. North Dakota ex rel. Board of Univ. and School Lands*, 461 U.S. 273, 287 (1983); *Jerves v. United States*, 966 F.2d 517, 521 (9th Cir. 1992).

42 U.S.C. § 405(g) provides a limited waiver of sovereign immunity by permitting district courts to review a "final decision" of the Commissioner of Social Security.[4] A claimant may

---

[4] 42 U.S.C. § 405(g) provides in pertinent part: "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective

3

obtain a final decision from the Commissioner only by proceeding through all stages of the administrative appeals process. *Bowen v. City of New York*, 476 U.S. 467, 482 (1986). The stages of the appeals process consists of: 1) initial determination; 2) reconsideration; 3) hearing before an ALJ; and 4) Appeals Council review. Only upon the Appeals Council issuing a decision or declining review may a claimant seek review in a federal district court. 20 C.F.R. § 404.981.

The exhaustion requirement, however, may be waived where the claim is "(1) collateral to a substantive claim of entitlement (collaterality), (2) colorable in its showing that denial of relief will cause irreparable harm (irreparability), and (3) one whose resolution would not serve the purposes of exhaustion (futility)." *Kildare v. Saenz*, 325 F.3d 1078, 1082 (9th Cir. 2003). All three factors must be established to waive the exhaustion requirement. *Kaiser v. Blue Cross of California*, 347 F.3d 1107, 1115 (9th Cir. 2003).

The evidence submitted by the Commissioner demonstrates that plaintiff did not seek administrative review of the agency's initial decisions denying his application for CDB and finding an overpayment of disability benefits.[5] Plaintiff does not dispute that he failed to obtain administrative review. Instead, he appears to contend that any attempt to exhaust his administrative remedies would have been futile. ECF No. 34 at 2 (arguing that exhaustion is not "required when the administrative remedy [is] shown to be inadequate or would be futile.").

/////

---

of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow."

[5] In his opposition, plaintiff objects to the declaration of Mai Huynh, noting that it does not identify, among other things, how long she has been employed with the agency, where she previously worked, the primary location of her employment, and what degrees and professional licenses she has obtained. ECF No. 34 at 2. Such information is not needed to establish a proper foundation for Ms. Huynh's declaration. Ms. Huynh declares, under penalty of perjury, that she is a Program Expert for the Social Security Administration at the San Francisco Regional Office. ECF No. 21-1 at 1. It further provides that plaintiff's official file, which is maintained by the Office of Disability Adjudication and Review, is within her legal custody and has been examined. *Id*. Thus, there is a sufficient foundation for her statements concerning plaintiff's administrative file.

4

Plaintiff's belief that seeking administrative review would have resulted in an adverse decision does not excuse him from § 405(g)'s exhaustion requirement. *See Haro v. Sebelius*, 747 F.3d 1099, 1112 (9th Cir. 2014) ("Exhaustion [requirement] is waivable, presentment is not.").

As plaintiff did not exhaust his administrative remedies, the court lacks jurisdiction over plaintiff's claim(s) and the instant action must be dismissed.

IV. Conclusion

Based on the foregoing, it is hereby RECOMMENDED that:

1. Defendant's motion to dismiss (ECF No. 21) be granted.

2. Plaintiff's complaint be dismissed without leave to amend;

3. All pending motions be denied as moot; and

4. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 31, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE